

# In the Court of Criminal Appeals of Texas

---

No. PD-0800-23

---

RUDY ZAPATA, *Appellant*

v.

THE STATE OF TEXAS

---

On Appellant's Petition for Discretionary Review
From the Fourth Court of Appeals
Bexar County

---

YEARY, J., delivered the opinion of the Court in which SCHENCK, P.J., and KEEL, FINLEY, and PARKER, JJ., joined. RICHARDSON, NEWELL, WALKER, and MCCLURE, JJ., dissented.

The State's motion for rehearing is granted. The prior opinion of the Court on original submission in this case is withdrawn.

In this case we consider whether a trial court exceeds its

authority when it makes and enters an affirmative finding of family violence when imposing an order of deferred-adjudication community supervision.[1] The court of appeals decided that a trial court was not so prohibited. We agree, and so we affirm the court of appeals' judgment.

## I. BACKGROUND

Appellant was charged by information with the Class A misdemeanor offense of assault causing bodily injury. TEXAS PENAL CODE § 22.01(a)(1), (b). In exchange for a recommendation that the trial court impose deferred-adjudication community supervision, but without an agreement with respect to terms and conditions thereof, Appellant pled nolo contendere to the charged offense. At the plea hearing, the State asked the trial court to enter an affirmative finding that the assault had involved family violence.

Appellant objected to the requested affirmative finding on the basis that, according to Article 42.013 of the Texas Code of Criminal Procedure, such a finding can only be entered "in the judgment of the

---

[1] In his petition for discretionary review, Appellant's sole ground for review reads: "Does the trial court have the discretion to make an affirmative finding of family violence during sentencing prior to adjudication?" Appellant did not object in the trial court that there was no factual basis to support such an affirmative finding. Nor did he bring a point of error on direct appeal raising such a claim. Instead, his "sole argument on appeal" was, as identified by the court of appeals, that such an affirmative finding may only be entered into a "judgment," and because there is no judgment in deferred-adjudication proceedings, such a finding is legally unauthorized. *Zapata v. State*, 678 S.W.3d 325, 327 (Tex. App.—San Antonio 2023). We limit our discretionary review to that purely legal question. *See, e.g., Davison v. State*, 405 S.W.3d 682, 691 (Tex. Crim. App. 2013) ("[I]n our capacity as a discretionary review court, we review 'decisions' of the courts of appeals.").

case[.]" TEX. CODE CRIM. PROC. art. 42.013.[2] Because the trial court was placing Appellant on deferred-adjudication community supervision, for which there could be no "judgment," he contended, the trial court could not make a family-violence affirmative finding. The trial court overruled Appellant's objection but gave him permission to appeal the question.[3]

On appeal, the Fourth Court of Appeals affirmed the trial court's decision to include the affirmative finding. *Zapata v. State*, 678 S.W.3d 325 (Tex. App.—San Antonio 2023). The court of appeals agreed with Appellant's argument that a family violence affirmative finding was not *required* by the terms of Article 42.013, since there is no "judgment" in which it may be entered under those circumstances. *Id.* at 328. It also agreed with Appellant that Section 22.01(f)(1) of the Penal Code—which permits the use of a prior deferred adjudication order as a "previous conviction" for purposes of elevating a simple assault to a greater level of offense for a repeat offender—does not somehow render the order deferring adjudication a "judgment" for purposes of applying Article 42.013. *Id.*

But the court of appeals nevertheless concluded that a family-violence affirmative finding was permissible, even if not required, in a

---

[2] Article 42.013 reads, in its entirety: "In the trial of an offense under Title 5, Penal Code [Offenses Against the Person], if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter that affirmative finding in the judgment of the case."

[3] This Court has found authority for an appeal from an order deferring adjudication in Article 44.01(j) of the Texas Code of Criminal Procedure. *Dillehey v. State*, 815 S.W.2d 623, 625−26 (Tex. Crim. App. 1991).

deferred-adjudication context. *See id.* at 329−30. It determined this to be so based on two other provisions in the Code of Criminal Procedure that separately govern deferred adjudication and community supervision. *See id.* at 330 ("We conclude [that] articles 42A.104(a) and 42A.504(b), operating together, gave the trial court discretion to make an affirmative finding of family violence in this case."). We granted Appellant's petition for discretionary review to examine this holding. We will affirm.

## II. ANALYSIS

First, nothing about Article 42.013's mandate—that family-violence affirmative findings, when made in the course of ordinary trials, must be "enter[ed] . . . in the judgment of the case[,]"—*prohibits* a court from making family-violence affirmative findings in other, unnamed contexts. *See Chase v. State*, 448 S.W.3d 6, 14 (Tex. Crim. App. 2014) (observing that the "negative implication" doctrine "depends on context" and "does not apply unless it is fair to suppose that the legislature considered the unnamed possibility and meant to say no to it") (internal brackets and quotation marks omitted). Indeed, as the court of appeals also observed, there is another mandatory statute that explicitly requires that certain affirmative findings be made and filed "with the papers in the case" in orders granting deferred-adjudication community supervision. *See* TEX. CODE CRIM. PROC. art. 42A.105 (mandating that certain affirmative findings in deferred-adjudication cases be filed "with the papers in the case" when the trial court "determines" they are

warranted).[4] It cannot possibly be accurate to say, then, as Appellant would have us do, that Article 42.013's requirement of such a finding in a different situation categorically rules out affirmative findings in orders conferring deferred-adjudication community supervision.

It is true, of course, as Appellant points out, that a *family-violence* affirmative finding is not among those findings that Article 42A.105 explicitly *requires* to be filed "with the papers of the case" when deferred-adjudication community service is granted. Appellant's Initial Brief at 9−10. Appellant contends that "[i]t appears the absence of an affirmative finding of family violence in [Article 42A.105] indicates the legislature's intention to prohibit such findings for those receiving deferred adjudication." *Id.* at 9. Appellant would essentially have us apply the maxim of statutory construction known as *expressio unius est exclusio alterius* to hold that a family-violence affirmative finding is statutorily prohibited by negative implication.

But the *expressio unius est exclusio alterius* maxim "must be applied with great caution, since its application depends so much on context." Antonin Scalia & Brian A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS at 107 (2012). "The maxim does not mean that anything not required is forbidden." Norman J. Singer & Shambie Singer, SUTHERLAND: STATUTES AND STATUTORY CONSTRUCTION § 47:25 (7th ed. 2014) at 444−45. The fact that Article 42A.105 *mandates* that certain affirmative findings be made in certain

---

[4] For example, Article 42A.105, subsections (a) through (c), require that affirmative findings be made and filed in the papers in the case when the trial court determines that the victim of certain offenses are younger than a certain age. TEX. CODE CRIM. PROC. art. 42A.105 (a), (b), (c).

deferred-adjudication cases does not necessarily *foreclose* the possibility that a trial court would be *permitted*, in its discretion, to make and file *other* kinds of affirmative findings—say, for example, a family-violence affirmative finding—"with the papers of the case" where appropriate. Article 42A.105, on its face, simply does not speak to the question of when it might be *permissible* for trial courts to enter *other* affirmative findings. And there are good contextual reasons to conclude, as the court of appeals did, that an affirmative finding of family violence would be particularly appropriate in cases like this one. *Zapata*, 678 S.W.3d at 329−30.

Under Article 42A.104(a), a trial court is authorized to "require any reasonable condition of deferred adjudication community supervision that a judge could impose on a defendant placed on community supervision for a conviction that was probated and suspended[.]" TEX. CODE CRIM. PROC. art. 42A.104(a). Article 42A.504(b), in turn, requires a trial court, as a condition of regular community supervision—in cases where the defendant is "convicted of an offense under Title 5, Penal Code [Offenses Against the Person], that the court determines involves family violence"—to order the defendant "to pay a fine of $100 to a family violence center[.]" TEX. CODE CRIM. PROC. art. 42A.504(b). It may also (but is not required to) order a family-violence probationer to attend a battering intervention and prevention program, or, failing that, counseling sessions with an appropriately licensed professional. TEX. CODE CRIM. PROC. art. 42A.504(c).[5]

---

[5] It appears from the record that the trial court in this very case did in fact impose both of these conditions of deferred-adjudication community supervision.

Under Article 42A.104(a), a trial court placing an offender on deferred-adjudication community supervision "may" impose either of these conditions of probation. TEX. CODE CRIM. PROC. art. 42A.104(a). Whether a defendant who is to be placed on deferred-adjudication community supervision has committed a crime involving family violence is therefore a relevant question, the answer to which would be appropriate to memorialize in the court's deferred-adjudication order, or at least among the papers of such a case. Also, the entry of an affirmative finding of family violence "with the papers in the case" can facilitate, or at least help to explain, the trial court's imposition of these relevant conditions of deferred-adjudication community supervision.

### III. CONCLUSION

Because nothing in the language of either Article 42.013 or Article 42A.105 *forecloses* such a family-violence affirmative finding, we conclude, as did the court of appeals, that such a finding falls squarely within the trial court's discretion. The judgment of the court of appeals is, accordingly, affirmed.

**DELIVERED:** February 5, 2025
**PUBLISH**